UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL WADE ADAMS,

                Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security

                Defendant.

Case No. 2:17-cv-01019-TLF

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73; Local Rule MJR 13.

For the reasons set forth below, the Court concludes that the Administrative Law Judge ("ALJ") erred when she did not provide specific and legitimate reasons for rejecting the opinion of treating physician Daniel Shelton, D.O., and that the ALJ's error was harmful. The Court therefore finds that defendant's decision to deny benefits should be reversed, and that this matter should be remanded for further administrative proceedings.

## FACTUAL AND PROCEDURAL HISTORY

On November 19, 2013 plaintiff filed an application for disability insurance benefits, alleging that he became disabled beginning June 1, 2010. Dkt. 6; Administrative Record (AR) at 166. That application was denied on initial administrative review and on reconsideration. AR 68,

78. A hearing was held before an ALJ, at which plaintiff appeared and testified as did a vocational expert. AR 31.

In a decision dated December 29, 2015, the ALJ documented his analysis at each of the five steps. AR 14-26. Steps one, two and three were resolved in plaintiff's favor. AR 20. At step two, the ALJ determined that plaintiff had a severe back impairment caused by degenerative disc disease. AR 20. The ALJ considered plaintiff's residual functional capacity (RFC), AR 22, and found, at step four, that plaintiff could perform his past relevant work and therefore that he was not disabled. AR 21-26. Plaintiff's request for review was denied by the Appeals Council on May 22, 2017, making the ALJ's decision the final decision of the Commissioner, which plaintiff then appealed in a complaint filed with this Court on July 6, 2017. AR 4; Dkt. 1; 20 C.F.R. § 404.98.

Plaintiff seeks reversal of the ALJ's decision and remand for further administrative proceedings, arguing the ALJ erred in evaluating the medical evidence of Dr. Shelton.

## STANDARD AND SCOPE OF REVIEW

The Court will uphold an ALJ's decision unless: (1) the decision is based on legal error; or (2) the decision is not supported by substantial evidence. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (quoting *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)). This requires "'more than a mere scintilla,'" though "'less than a preponderance'" of the evidence. *Id.* (quoting *Desrosiers*, 846 F.2d at 576). If more than one rational interpretation can be drawn from the evidence, then the Court must uphold the ALJ's interpretation. *Orn v. Astrue,* 495 F.3d 625, 630 (9th Cir. 2007). That is, "[w]here there is conflicting evidence sufficient to support either outcome," the Court "must affirm the decision actually made." *Allen v. Heckler*,

749 F.2d 577, 579 (9th Cir. 1984) (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971)). The Court may not affirm by locating a quantum of supporting evidence and ignoring the non-supporting evidence. *Orn v. Astrue,* at 630.

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court is required to weigh both the evidence that supports, and evidence that does not support, the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## THE ALJ'S EVALUATION OF THE MEDICAL OPINION EVIDENCE

Plaintiff asserts the ALJ failed to properly consider the opinion evidence submitted by treating physician Daniel Shelton, D.O., when the ALJ evaluated plaintiff's RFC. Dkt. 8 at 2. Plaintiff contends the ALJ's decision rejecting Dr. Shelton's opinion is not supported by substantial evidence. Dkt. 8.

Three types of physicians may offer opinions in Social Security cases: "(1) those who treat[ed] the claimant (treating physicians); (2) those who examine[d] but d[id] not treat the claimant (examining physicians); and (3) those who neither examine[d] nor treat[ed] the claimant (non-examining physicians)." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). A treating physician's opinion is generally entitled to more weight than the opinion of a doctor who examined but did not treat the plaintiff, and an examining physician's opinion is generally entitled to more weight than that of a non-examining physician. *Id.* A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson v. Comm'r of*

*Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004); *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan,* at 1149.

Even when a treating or examining physician's opinion is contradicted, an ALJ may only reject that opinion "by providing specific and legitimate reasons that are supported by substantial evidence." *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

"[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Garrison v. Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir.1996)). As the Ninth Circuit has stated:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted).

Dr. Shelton opined plaintiff had a less than sedentary RFC. AR 454-55. Specifically, he opined plaintiff: (1) could lift and carry less than 10 pounds occasionally and frequently in an eight-hour day; (2) could stand, walk and/or sit for less than two hours in an eight-hour day; (3) could sit for 10 minutes before needing to change position (4) could stand for five minutes

before changing position; (5) needed to walk around every five minutes for 10 minutes and (6) needed to shift "at will" between sitting and standing/walking; and (7) would need to lie down unpredictably two to three times in an eight-hour day. *Id.* (emphasis in original). Dr. Shelton opined plaintiff's symptoms were "severe enough to interfere with attention and concentration required to perform simple work-related tasks" "constantly" and plaintiff's impairments would cause him to miss work more than four days per month. *Id.* at 454-55. Dr. Shelton also opined the symptoms and limitations approximately began in 2000. *Id.* at 455.

The ALJ gave little weight to Dr. Shelton's opinion, reasoning that Dr. Shelton's opinion was inconsistent with his treatment notes, plaintiff's work history, and plaintiff's daily activities. AR 25. Plaintiff contends the ALJ erred in so finding. Dkt. 8. The Court agrees.

a.  <u>Inconsistency with Treatment Notes</u>

First, the ALJ found that Dr. Shelton's opinion was inconsistent with his treatment notes because they indicated that plaintiff could sit for 10 minutes without changing position, yet needed to walk around every five minutes for a length of 10 minutes. AR 25. Moreover, the notes reflected that plaintiff could only stand and walk combined for two hours per day. *Id.* Internal inconsistencies within a physician's report constitute relevant evidence in judging the weight to be attributed to that report. *Rollins v. Massanari,* 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of a medical opinion that was internally inconsistent). This thus was a proper basis upon which to discount Dr. Shelton's opinion.

Plaintiff contends that Dr. Shelton's opinion is not internally inconsistent, because Dr. Shelton actually found that plaintiff needs the opportunity "*shift at will* from sitting to standing/walking." Dkt. 8 at 3 (citing AR 454 [emphasis added by plaintiff's counsel]). The need for an opportunity to shift from sitting to standing/walking at will, however, is *still* inconsistent

with the ability to sit for 10 minutes at a time, stand for five minutes at a time, and walk around every five minutes, which Dr. Shelton also found. There is a facial discrepancy between being able to sit for 10 minutes straight, having to get up every five minutes to walk around, and shifting at will. In addition, Dr. Shelton's opinion that plaintiff would need to walk around for 10 minutes every five minutes, would likely add up to more than the two hour limitation of two hours per day standing/walking. *See* AR 454-55.

Thus, although the ALJ did not expressly mention the shifting at will limitation, she nevertheless reasonably found the overall inconsistency of Dr. Shelton's findings undermined his opinion concerning plaintiff's work limitations. Moreover, given these inconsistencies, it is difficult to be confident that Dr. Shelton's overall opinion is accurate, and thus ALJ properly rejected it for this reason. Thus, the Court finds that the ALJ's decision is supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 533 (9th Cir. 2008) (Court must affirm the ALJ's findings if they are supported by inferences reasonably drawn from the record.).

Second, the ALJ properly discounted Dr. Shelton's opinion on the basis that plaintiff's treatment records from Dr. Shelton generally show plaintiff had no tenderness, normal range of motion, and a negative straight leg test, AR 25 (citing AR 350, 409, 433). These fairly benign physical findings fail to indicate that plaintiff suffers from work-related limitations as severe as those Dr. Shelton found, e.g., less than a total of two hours of sitting, less than a total of two hours of standing and/or walking, and needing to shift from sitting to standing/walking at will.This was a valid reason to discount Dr. Shelton's opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (discrepancies between a medical opinion source's functional assessment and that source's recorded observations and other comments

regarding a claimants capabilities "is a clear and convincing reason for not relying" on the assessment).

The Court notes that plaintiff cites to several clinical notes that are apparently consistent with Dr. Shelton's opinion. Dkt. 8 at 3 (citing AR 336, 338, 435). However, these records are based on an examination by a chiropractor, Edward Yee DC, and Hisashi Wesley Kobayashki, M.D., and not Dr. Shelton. *See* AR 336, 338, 435. The ALJ, however, properly discounted Dr. Shelton's opinion as inconsistent with his *own* treatment notes. *Batson*, 359 F.3d at 1195 (an ALJ need not accept a physician's opinion if it is inadequately supported by clinical findings).

Third, the ALJ also found plaintiff's pain was well-controlled with medication, thus contradicting Dr. Shelton's opinion that plaintiff was limited to less than sedentary work. AR 25 (citing AR 371, 374). Plaintiff argues that the ALJ failed to explain how or why plaintiff's pain controlled through medication contradicts Dr. Shelton's opinion. Dkt. 8 at 3-4. Plaintiff also argues that it is possible to have both "controlled pain and workplace limitations." *Id.* Dr. Shelton, however, expressly opined that the limitations he assessed were based on plaintiff's degenerative changes and "chronicity of symptoms." AR 454.

The treatment notes cited by the ALJ, though, reflect that in August 2011, Dr. Shelton found plaintiff's chronic low back pain was "controlled on stable doses" of medication. AR 374. Further, in March 2013, plaintiff informed Dr. Shelton stated that he knows that the medication he takes for his neck and back pain "overall . . . does a good job at controlling his symptoms," and that "[i]f he takes it he feels fine." AR 371. Thus, Dr. Shelton again found plaintiff's chronic neck and back pain was "controlled" with morphine. AR 372-73. Given this evidence, and plaintiff does not point to any other portion of the record indicating his

medication does not control his neck and back pain, the Court finds the ALJ properly relied on that evidence to further discount Dr. Shelton's opinion. *Warre v. Comm'r of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits."); *See also Odle v. Heckler,* 707 F.2d 439, 440 (9th Cir. 1983) (affirming a denial of benefits and noting that the claimant's impairments were responsive to medication).

      b. <u>Inconsistency with Daily Activities</u>

As an initial matter, the Court notes that plaintiff does not challenge the ALJ's credibility determination. *See* Dkt. 8. Instead, plaintiff argues that the ALJ failed to describe what daily activities were inconsistent with Dr. Shelton's recommendation. Dkt. 8 at 4.

Dr. Shelton opined that plaintiff's symptoms are constantly severe enough to interfere with attention and concentration to perform simple work-related tasks. AR 455. The ALJ stated that Dr. Shelton's opinion was inconsistent with plaintiff's daily activities. AR 25. Although this in of itself is not very specific, the ALJ previously had included a discussion regarding plaintiff's activities of daily living. AR 24.

The ALJ cited to plaintiff's reports that he: looked for work, crawled through his attic, was able to do housework (sweep, laundry, mow the lawn, prepare food, yard work), helped care for a cat, drove, read, watched TV, worked on a computer, and attended church. *Id.* More specifically, the ALJ reasoned that plaintiff's reports of looking for work is "an activity which requires concentration and persistence," and that crawling through the attic "belies his claims that he is unable to do much of anything." *Id.* In sum, the ALJ concluded that "all of these activities show that [plaintiff] is capable of performing tasks regularly." *Id.*

However, none of the limited, primarily in-home activities, cited by the ALJ establish

that plaintiff could perform basic work activities on a regular and continuing basis in a work setting. *See Smolen v. Chater*, 80 F.3d 1273, 1287 n. 7 (9th Cir. 1996 ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities may not be easily transferable to a work environment where it might be impossible to rest periodically or take medication."); *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989) ("[M]any home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

Plaintiff's testimony indicates his activities of daily living are more limited than noted by the ALJ. For example, plaintiff testified he would sweep one or two rooms and then needed to rest, was unable to garden anymore, somedays he could not do anything, was unable to sit for more than 10 or 15 minutes without needing to get up and move around or stand, and was only able to do physical work for a few minutes before being "pretty much toast for the rest of the day or the next day." AR 44-45. In his function report, plaintiff stated he was able to do laundry, sweep and mow the lawn, for 15-20 minutes, but then he would require a break. AR 213. Thus, the evidence fails to reveal that plaintiff spends a substantial part of his day performing any of these activities or that the level at which he performed them is transferable to the work setting.

With respect to the report of "crawling through attics," AR 24, the evidence shows plaintiff did so on one occasion in January 2012, AR 346. There is no evidence in the record that plaintiff did so on a regular basis or that he could crawl through an attic or perform other similarly vigorous activity as a part of a job requirement. Moreover, the record shows that plaintiff's back condition grew worse after he crawled through the attic. AR 346. The ALJ's decision cannot be affirmed "simply by isolating a specific quantum of supporting evidence."

ORDER REVERSING AND REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS - 9

*Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989) (internal quotation marks and citations omitted).

Regarding plaintiff's ability to look for work, there is no evidence in the record indicating the extent or nature of plaintiff's job search. There is no information on how many hours per day plaintiff might have spent searching for a job or what level of mental concentration and persistence his job search may have required. AR 290, 373-74. The fact that Plaintiff attempted to work, but did not succeed, is not a sufficient reason to discredit Dr. Shelton's opinion. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1038 (9th Cir. 2007) ("[i]t does not follow from the fact that a claimant tried to work for a short period of time and, because of his impairments, *failed*, that he did not then experience [symptoms] and limitations severe enough to preclude him from *maintaining* substantial gainful employment" and may support allegations of disabling symptoms). Thus, the Court finds the ALJ failed to adequately explain how plaintiff's job search is inconsistent with Dr. Shelton's opinion.

In sum, the Court concludes the ALJ's second reason for rejecting Dr. Shelton's opinion is not specific and legitimate and supported by substantial evidence. *See Popa v. Berryhill*, 872 F.3d 901, 906 (9th Cir. 2017) (finding the ALJ erred when he failed to explain why the claimant's daily activities were inconsistent with the doctor's opinion).

    c.  <u>Inconsistency with Work History</u>

The ALJ found that Dr. Shelton's opinion that plaintiff had symptoms and work limitations since 2000, was contradicted by the fact that plaintiff worked at a job until 2010 where he performed at a higher exertion level without difficulty. AR 25; *See* AR 455 (In response to the question of when plaintiff's symptoms and work limitations began, Dr. Shelton responded "approx[imately] 2000."). Plaintiff concedes that his work history is inconsistent with

Dr. Shelton's opinion, but that "it is of negligible importance and thus does not constitute substantial evidence." Dkt. 8 at 4. Plaintiff argues that since he does not claim disability prior to the alleged onset date of June 1, 2010, and has not worked since that date, the ALJ's reliance on this inconsistency is meaningless. *Id.* at 4. The Court agrees.

Plaintiff alleges he became disabled on June 1, 2010, at which time he was no longer employed. Thus, whether Dr. Shelton's opinion is contradicted by the fact that plaintiff was employed prior to the alleged on set date is not material. As such, the ALJ's finding is not supported by evidence in the record, and the Court finds that the ALJ erred in finding that this evidence undermines Dr. Shelton's opinion regarding plaintiff's inability to do more than sedentary work.

    d.  <u>Harmless Error</u>

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119; *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Dr. Shelton, plaintiff's treating physician, opined plaintiff had a less than sedentary RFC. AR 454-55. Dr. Shelton opined plaintiff: (1) could lift and carry less than 10 pounds occasionally and frequently in an eight-hour day; (2) could stand, walk and/or sit for less than two hours in an eight-hour day; (3) could sit for 10 minutes before needing to change position

(4) could stand for five minutes before changing position; (5) needed to walk around every five minutes for 10 minutes and (6) needed to shift at will between sitting and standing/walking; (7) would need to lie down unpredictably two to three times in an eight-hour day, *Id.* Had the ALJ properly considered Dr. Shelton's opinion, she may have included additional limitations in the RFC. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal.

## REMAND FOR FURTHER ADMINISTRATIVE PROCEEDINGS

"The decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.2d 664, 682 (9th Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). If an ALJ makes an error and there is uncertainty and ambiguity in the record, the district court should remand to the agency for further proceedings. *Leon v. Berryhill*, 874 F.3d 1130, 1134 (9th Cir. 2017). If the district court concludes that additional proceedings can remedy the errors that occurred in the original hearing, the case should be remanded for further consideration. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

The Ninth Circuit has developed a three-step analysis for determining when to remand for a direct award of benefits. Such remand is generally proper only "where '(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.'" *Trevizo*, 871 F.2d at 682-83 (quoting *Garrison v, Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014)).

The Ninth Circuit has recently applied the "credit-as-true" rule by first asking: Were the ALJ's reasons for rejecting the evidence legally insufficient? *Leon*, 874 F.3d at 1132. Then,

having answered that question in the affirmative, the Court considered the second step in the analysis: Are there remaining issues that must resolved before a disability determination can be made, and would further administrative proceedings be useful? *Id.* at 1133. The Court confirmed that the third step would result in an award of benefits only if the questions at parts one and two of the analysis are answered yes – and crediting the improperly discredited evidence as true, further proceedings would appear to be unnecessary.

The Court in *Leon* held, even where the district court finds in the first part of the analysis that the ALJ has failed to offer sufficient reasons for rejecting evidence, and also finds in the second part of the analysis that there is "a fully developed record without any conflicts, gaps, or ambiguities," and finally reaches the third part of the analysis and credits the rejected evidence as true – it is still within the court's discretion whether to remand for further proceedings, or to remand for award of benefits. *Leon,* 874 F.3d at 1133. If, considering the record as a whole, there are reasons for the district court to have serious doubt as to whether the claimant is disabled – the district court retains discretion to remand to the agency for additional proceedings. *Id.*; *Revels,* 874 F.3d at 668.

As discussed above, the ALJ failed to provide legally sufficient reasons for discounting Dr. Shelton's opinion. Accordingly, issues remain regarding the medical evidence in the record concerning plaintiff's functional limitations, and therefore serious doubt remains as to whether plaintiff is in fact disabled. Accordingly, remand for further consideration of those issues is warranted. Specifically, on remand the Commissioner shall re-evaluate the medical evidence, including Dr. Shelton's opinion, plaintiff's residual functional capacity, plaintiff's ability to perform his past relevant work, and, if necessary, plaintiff's ability to perform other jobs existing in significant numbers in the national economy.

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ erred in determining that plaintiff was not disabled. Defendant's decision to deny benefits therefore is REVERSED and this matter is REMANDED for further administrative proceedings.

Dated this 18th day of January, 2018.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge